CROWELL, MASTER OF STEAM-SHIP ROMAN *v.* THE SCHOONER THERESA WOLF.*

(*District Court, E. D. Pennsylvania.* October 1, 1880.)

1. ADMIRALTY—CROSS LIBEL—ADMIRALTY RULE 53—WHEN CLAIMS DO NOT ARISE FROM SAME CAUSE OF ACTION.—Upon a libel *in rem,* filed for damages caused by a collision, a cross libel cannot be sustained for salvage on account of services rendered to the injured vessel after the collision. Such a claim does not arise out of the cause of action on which the libel is founded, within the meaning of the fifty-third admiralty rule.

In Admiralty.

In this case a libel *in rem* had been filed by the master of the schooner Theresa Wolf against the steam-ship Roman, for damages caused by a collision off Great Egg harbor, alleged to have been occasioned by the negligence of those in charge of the steam-ship. The owners of the latter filed an answer denying negligence on the part of the steamer, and alleging that the cause of the accident was the neglect of those in charge of the schooner to exhibit a torch. Subsequently, the schooner not being within the jurisdiction of the court, a cross libel was filed by the master of the steam-ship, on behalf of himself and of the crew and of the owners of the steam-ship, alleging that when the collision occurred the master and crew of the schooner abandoned her, whereupon the master of the steam-ship sent men on board, fastened a line to her, and towed her into New York harbor, for which services he claimed salvage, and asked that the original libellant might be ordered to enter security in the usual form and amount,

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

or that proceedings on his libel might be stayed, under admiralty rule 53 of the United States supreme court.*

To this cross libel the original libellant filed *inter alia* the following exception:

*Second.* Because the cross libel in this case does not contain such counter claim arising out of the same cause of action for which the original libel was filed, as is contemplated by rule 53 of the supreme court in admiralty.

*John A. Toomey,* (*Henry R. Edmunds* with him,) for exceptions.

*H. G. Ward, contra.*

BUTLER, D. J.   The second exception is well taken.   The claim set out in the cross libel does not grow or arise out of the cause of action on which the libel is founded.   The case is not, therefore, embraced in the fifty-third admiralty rule prescribed by the supreme court.

Cross libel dismissed.